# In the United States District Court for the Southern District of Georgia Savannah Division

```
UNITED STATES OF AMERICA,    )
                             )
                             )
     v.                      )     CR 421-095
                             )
EDWARD GILL SIKES,           )
                             )
     Defendant.              )
```

**ORDER**

This Order memorializes the reasons for denying Defendant's Motion to Amend Order of Detention pursuant to 18 U.S.C. § 3145(b).

**BACKGROUND**

On August 20, 2019, law enforcement was called and dispatched to a location after a report of shots fired. Dkt. No. 42 at 2. Upon arriving, law enforcement identified Defendant Sikes, who admitted he had fired his weapon six times in the area. Id. Law enforcement could smell the odor of alcohol on Defendant Sikes, and body cam footage showed Defendant Sikes was under the influence of alcohol during the incident. Id. After arresting Defendant Sikes, law enforcement seized a black AR-15 style rifle from his vehicle. Id. Upon further investigation, law enforcement discovered Defendant Sikes was a convicted felon and the seized firearm was a machine gun. Id.

When Defendant Sikes was released from jail, he immediately attempted to commit suicide by crashing his plane into a nearby river. Id. A member of his family later turned in two additional firearms that were determined to be fully automatic AR-variant rifles. Id.

A federal grand jury handed down an indictment in May 2021 against Defendant Sikes for three counts of illegal possession of firearms by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and two counts of illegal possession of machine guns, in violation of 18 U.S.C. § 922(o). See Dkt No. 3. Defendant Sikes was arrested in June 2021, dkt. no. 40 at 1, and in July 2021, this Court found that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release could reasonably assure the safety of any person and the community. See id. (citing Dkt. No. 32 at 2).

Defendant Sikes filed the instant motion to amend the detention order pursuant to Fed. R. Crim. P. 59(a) and 58(g)(2)(A), and this Court held a hearing on the motion on July 29, 2021. Both parties fully briefed the issues before this Court, see dkt. nos. 40, 42.

Title 18 U.S.C. § 3145(b) provides that a person detained by order of a magistrate judge may file with the court having original jurisdiction over the offense a motion for revocation or amendment of that order and that such motion shall be promptly determined.

A district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo.  See United States v. Hurtado, 779 F.2d 1467, 1480-81 (11th Cir. 1985); see also United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  The district court "must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992); see also United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (similar).

In making its determination, the Court shall consider several factors to find "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(g).  The factors to be considered include:

1) The nature and circumstances of the offense charged;

2) The weight of the evidence against the person;

3) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; as well as whether the person was on probation, parole, or release pending trial;

4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id. § 3142(g)(1)-(4).

Defendant Sikes argues the Magistrate Judge's order of detention should be amended to allow his release because he is not a danger to the community and a number of conditions can adequately ensure he would return to court and not be a danger to himself or any person in the community. Dkt. No. 40 at 5-9. These arguments, however, miss the mark.

Defendant Sikes argues, as he did at the initial detention hearing, that he has been sober from 2019-2021, has remained gainfully employed, and has very strong ties to the community. See Dkt. No. 40 at 2-4; see also Dkt. No. 36 at 74:15-20. He further argues that "[w]hile the nature and circumstances of the charged offense weigh against release," he does not present a danger to himself or any person in the community. Dkt. No. 40 at 6 (citing 18 U.S.C. § 3142(g)(3)-(4)). In support, he points to his ties to the community and beliefs from his family and friends that he does not pose a danger. Id. at 7. These arguments paint, at best, an incomplete picture of the nature and circumstances of the charged offenses and Defendant Sikes' criminal history.

Going through the 18 U.S.C. § 3142(g) factors, the nature and circumstances of the offense charged are serious and include crimes of violence and possession of fully automatic machine guns. As

4

bodycam footage of the arrest shows, Defendant Sikes appeared to make very deliberate threats with a fully automatic machine gun while intoxicated and attempted to evade arrest and prosecution by invoking his personal ties to law enforcement.  It is clear Defendant Sikes, while intoxicated, understood to some extent the seriousness of the offenses charged and engaged in attempts to avoid prosecution as a result.  This factor weighs heavily against release.

Moving to the second factor, the weight of evidence against Defendant Sikes is considerable.  The bodycam footage, as well as the weapons seized from Defendant Sikes at the time of the offense and from a family member shortly after his initial arrest, show Defendant Sikes engaging in the charged offenses. Neither the veracity of this bodycam footage nor the possession of the seized firearms has been seriously disputed.  This factor also weighs against release.

The third factor, Defendant Sikes' characteristics and condition, shows a number of favorable and unfavorable characteristics.  Starting with the favorable characteristics, Defendant Sikes has deep ties to the community and has a large number of supportive family members and friends.  See, e.g., Dkt. No. 40 at 2-4.  Defendant Sikes has the support of many members of his community, some of whom testified at the initial detention hearing that they do not "think he's a risk of flight" and that he

is not a "danger to anyone." Id. at 3 (citing Dkt. No. 36 at 17:4-5, 34:19-22). He also highlights the fact that he has remained sober and has not threatened anyone in "nearly 2 years since his August 2019 arrest[.]" Id. at 6. These characteristics are, to be sure, favorable to Defendant Sikes' motion to amend the order of detention.

However, this Court must consider all the evidence before it, and there are a number of concerning characteristics that outweigh those listed above. To begin with, merely a day after being released from jail in August 2019, Defendant Sikes attempted to take his own life. Dkt. No. 36 at 75:8-10. This is a plain indicator Defendant Sikes presents a danger to himself if released. Further, Defendant Sikes has a lengthy criminal history, which includes several instances of violence, firearm offenses and probation violations. Id. at 74:22-75:1. Defendant Sikes' substance abuse issues have been under control for the past few years, but "for a very, very long time, they were not." Id. at 75:1-4. This evidence, combined with his financial resources, weighs against release.

Finally, and crucially, the Court must consider whether Defendant Sikes presents a danger to himself or any person in the community upon release. Again, Defendant Sikes' mental health and substance abuse issues raise major concerns for the Court. While he has had some recent success in staving off these substance abuse

6

issues, he has a long, documented history showing his long-term ability to handle these issues is, at best, uncertain. Further, while his firearms have been seized, it must be noted that Defendant Sikes has numerous prior offenses for possession of a firearm by a prohibited person, and indeed three of the offenses charged in the indictment are that exact offense. See Dkt. No. 3. This criminal history evinces a willingness and ability to obtain firearms, even fully automatic firearms, even after being told he can no longer possess them.

Defendant Sikes nonetheless argues in his motion that a number of conditions of release can assure he will not be a danger to himself or any other person in his community and that he will return to court for further proceedings. See Dkt. No. 40 at 8-9. He argues he is willing to place two tracts of land as collateral, that he lives at his girlfriend's residence, and that he agrees to electronic monitoring and home confinement except for medical appointments and attorney visits. Id. He also specifically agrees to monitoring with an alco-sensor to allay concerns about his sobriety. Id. These conditions, however, do not adequately assure he will not present a danger to himself or others.

As such, this Court **DENIED** Defendant Sikes' Motion to Revoke and Amend Order of Detention.

This 1st day of March, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA